UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| RODERICK HICKMAN | * | CIVIL ACTION NO. 17-8699 |
| --- | --- | --- |
| | * | |
| | * | SECTION: "H"(1) |
| VERSUS | * | |
| | * | JUDGE JANE TRICHE MILAZZO |
| GREAT WEST CASUALTY CO., ET AL. | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion for Leave to File Amended Complaint filed by plaintiff Roderick Hickman. (Rec. Doc. 7). For the following reasons, the motion is GRANTED.

Background

This lawsuit arises out of a car accident that occurred on September 1, 2016, when a vehicle operated by defendant Samuel Taylor allegedly made a wide right turn and struck the vehicle in which Mr. Hickman was a passenger. Mr. Hickman alleges he suffered debilitating damages and filed this lawsuit on August 16, 2017, against Mr. Taylor as well as Hirschbach Motor Lines, Inc. (the owner of the vehicle Mr. Taylor was driving, hereinafter "Hirschbach"), and Great West Casualty Company (who insured the vehicle Mr. Taylor was driving, hereinafter "GWCC" and with Mr. Taylor and Hirschbach, "Defendants")). Mr. Hickman's Petition alleged that the vehicle in which he was a passenger was owned by Brandon Batiste. However, Mr. Batiste was not made a defendant.

Defendants removed the suit to this Court on September 6, 2017, and then filed their Answer on either September 8, 2017 or September 21, 2017.[1] Among the defenses asserted in the

---

[1] The September 8, 2018, answer was filed by GWCC and Hirschbach. An identical answer was filed on September 21, 2017, by Mr. Taylor.

1

Answer, defendants averred that "[a]dditionally and/or alternatively, all alleged damages and/or injuries made the subject of this litigation were proximately caused solely and entirely by the negligence of Brandon Batiste, the driver of the vehicle in which the plaintiff was a passenger, and as such the defendant bears no liability to the plaintiff."

Mr. Hickman did not file a motion to remand. On November 30, 2017, Mr. Hickman filed the present Motion for Leave to Amend his Complaint seeking to join Mr. Batiste and Mr. Batiste's insurer as defendants. Like Mr. Hickman, Mr. Batiste resides in Louisiana. If he is joined to this lawsuit as a defendant, this Court will lose diversity jurisdiction over the matter.

<u>Law and Analysis</u>

1. *Standard for Amending Pleadings*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." <u>Smith v. EMC Corp.</u>, 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." <u>Yumilicious Franchise, L.L.C. v. Barrie</u>, 819 F.3d 170, 177 (5th Cir. 2016) (quoting <u>Schiller v. Physicians Res. Grp. Inc.</u>, 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." <u>Schiller v. Physicians Res. Grp. Inc.</u>, 342 F.3d 563, 566 (5th Cir. 2003).

2

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Because the Court's decision on a motion for leave to amend to add a non-diverse defendant will affect its jurisdiction over the matter, the Court must "scrutinize that amendment more closely than an ordinary amendment." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). In such cases, "courts must balance the defendant's interest in retaining the federal forum with plaintiff's competing interest in avoiding parallel federal/state lawsuits." Williams v. Carmean, No. CIV. A. 99-1095, 1999 WL 717645, at *1 (E.D. La. Sept. 13, 1999). The Fifth Circuit has also instructed courts to consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Hensgens, 833 F.2d at 1182.

2. *Primary Purpose of the Amendment*

As the Plaintiff points out, in determining the primary purpose of the amendment courts have held that, "[a]s long as the plaintiff states a valid claim against the new defendants, the principal purpose is not to destroy diversity jurisdiction." Jackson v. Wal-Mart Stores, Inc., No. CIV. A. 03-2184, 2003 WL 22533619, at *2 (E.D. La. Nov. 6, 2003). For example, in Jackson, the court found the plaintiff's primary purpose was not to defeat diversity jurisdiction where the original complaint had sued Walmart Stores, Inc. and the "Jane Doe" employee that allegedly caused plaintiff's injury and the amendment sought to replace the fictitious name with the non-diverse employee once she had been identified. Id. The amendment was allowed. Id. In contrast, in Nuccio v. KFC Nat. Mgmt. Co., the court found that plaintiff's primary motive was to defeat diversity where plaintiff had no valid basis for a claim against non-diverse property owner/lessor

3

as a defendant in a slip and fall case because the owner/lessor did not have control over the building where the fall allegedly occurred. No. CIV. A. 95-2586, 1996 WL 137637, at *1 (E.D. La. Mar. 25, 1996). The proposed amendment was not allowed. Even where the proposed claim is factually questionable, the amendment may be allowed. See Bienaime v. Kitzman, 2000 WL 381932, at *3-4 (E.D. La. Apr. 12, 2000) (noting that the validity of the plaintiff's claim against the proposed defendant was questionable but could be explored in discovery).

Here, Mr. Hickman seeks to add Mr. Batiste, the driver of the vehicle in which he was injured as a defendant. Significantly, *the Defendants* have alleged in their Answer that Mr. Batiste is solely responsible for the accident. Neither in their brief nor at oral argument did Defendants deny that this is their position. While Mr. Hickman may be motivated in part to defeat federal jurisdiction, the Court must find that the claim Plaintiff seeks to assert against Mr. Batiste is valid on its face. The Court has some hesitation in light of Mr. Hickman's counsel's statement at oral argument that he did not expect his client or Mr. Batiste to testify to Mr. Batiste's fault. Nonetheless, if Defendant's theory of the case is even partially correct and Mr. Batiste bears some fault for the accident that allegedly injured Mr. Hickman, then Mr. Hickman's claim against Mr. Batiste and his insurers will succeed. As Magistrate Judge Wilkinson recently observed in finding that plaintiff's principal motivation was not to defeat diversity jurisdiction, "[a] finding of liability is better and more reliably made if all alleged wrongdoers are in the same case and able to defend themselves directly. In addition there are procedural and discovery advantages available to plaintiff if the new parties are named defendants rather than merely non-party witnesses." Short v. Racetrac Petroleum, Inc., No. 16-cv-16812, at *5 (E.D. La. May 3, 2017) (Rec. Doc. 17). These same concerns come into play here. Accordingly, the Court finds that Mr. Hickman's purpose for filing the amendment weighs in favor of allowing it.

3. *Whether the Plaintiff Has Been Dilatory*

The next factor to consider is whether the plaintiff has been dilatory. This factor also weighs slightly in favor of allowing the amendment. On the one hand, Mr. Hickman has failed to present any credible reason for why he did not sue Mr. Batiste in the first instance or why he failed to do so more quickly after the Defendants answered and alleged liability of Mr. Batiste.[2] Indeed, it was not until nearly three months after the Defendants' Answer was filed that Mr. Hickman sought to amend his complaint. Nonetheless, this case is in its early stages. The trial is not set to begin until September 17, 2018. Mr. Hickman filed his motion for leave to amend prior to the Court ordered deadline for amending pleadings. Other courts considering undue delay have focused on the timing of the proposed amendment in the context of the life of the case. E.g., Jackson, 2003 WL 22533619 (noting that the motion for leave to amend had been filed within the time frame allowed for amendments to pleadings); Bienaime, 2000 WL 381932, at *5 (noting that because a trial date had not yet been selected, the "dilatory" factor weighed heavily in favor of allowing the amendment); Burton v. Mentor Corp., No. Civ. A. 96-2078, 1996 WL 751063, at *2 (noting that the lawsuit had been pending in federal court for four months, that no significant activity beyond the pleading stage had occurred, and that the trial date was five months away).

Similarly here, this case is in its early stages and, despite some inexplicable delay, under these circumstances, Mr. Hickman has not been dilatory in raising his proposed amendment. Accordingly, this factor weighs in favor of allowing the amendment.

4. *Whether the Plaintiff Will Be Significantly Injured if the Amendment is Disallowed*

The next factor requires consideration of the injury to Mr. Hickman if he is not allowed to join Mr. Batiste as a defendant. At this stage in the case, it is not clear whether Mr. Batiste will be

---

[2] His failure to do so further weighs against an assumption that Mr. Hickman's purpose for filing the amendment is principally to defeat diversity jurisdiction.

found to bear any responsibility for the accident that allegedly caused Mr. Hickman's injuries. However, it is clear that the Defendants take the position that Mr. Batiste is at fault. If Mr. Batiste is found even partially at fault, Mr. Hickman will be unable to recover against Mr. Batiste as it is now too late to assert a separate state law claim against him. This factor weighs in favor of allowing the amendment.

    5. *Other Factors Bearing on the Equities*

At oral argument, the Defendants raised two issues that had not been briefed. Defendants suggested that in other car accident cases, Mr. Hickman's counsel has a practice of suing the plaintiff's driver only where the driver is a Louisiana resident, but not where the driver is non-diverse such that diversity jurisdiction could not be destroyed by the addition of the driver as a defendant. Defendants seemed to argue that this supports their position that Plaintiff has only sought to join Mr. Batiste for the purpose of defeating federal jurisdiction. If this was the case, however, Mr. Hickman's counsel could have achieved the same result by suing Mr. Batiste at the time he filed the lawsuit on behalf of Mr. Hickman as Defendants suggest that counsel has done before. The Court's analysis above regarding the primary purpose of Mr. Hickman's amendment remains the same.

Defendants also urge the Court to consider the prejudice they will suffer if the amendment is allowed to proceed. Not only do they point to their interest in maintaining a federal forum and a prompt trial date, but they add that they believe Mr. Batiste will likely attempt to file a cross claim against them for injuries that he may have suffered even though this claim, if filed separately, would be prescribed. The issue of whether Mr. Batiste's hypothetical claim against the Defendants would be allowed to proceed is not before the Court. The Court agrees that the prejudice to the Defendants weighs against allowing Mr. Hickman's proposed amendment. However, the other

three factors weigh in favor of allowing the amendment and here, the prejudice to the Defendants is outweighed by those factors.

## Conclusion

Having closely scrutinized Mr. Hickman's proposed amendment, the Court finds that the interests of justice require that the amendment be allowed. Accordingly, the Motion for Leave to Amend is GRANTED. The issue of remand is a matter solely within the province of the District Judge.

New Orleans, Louisiana, this 2nd day of January, 2018.

                                        Janis van Meerveld
                                    United States Magistrate Judge