UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RODERICK HICKMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-8699** |
| **GREAT WEST CASUALTY CO. ET AL** | **SECTION "H"** |

## ORDER

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[1] Subject matter jurisdiction in this case is premised upon diversity of citizenship.[2] Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship.[3] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[4]

Since its removal, however, Plaintiff was granted leave to add two additional non-diverse parties, destroying diversity jurisdiction. "[P]ost-removal joinder of non-diverse defendants . . . destroys diversity for

---

[1] Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) (citing Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004)).

[2] *See* 28 U.S.C. § 1332.

[3] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).

[4] McClaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

jurisdictional purposes and requires remand"[5] This Court therefore lacks subject matter jurisdiction over this matter.

Accordingly;

**IT IS ORDERED** that this matter is **REMANDED** back to the state court from which it was removed.

New Orleans, Louisiana this 16th day of February, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] Cobb v. Delta Exports, Inc., 186 F.3d 675, 677 (5th Cir. 1999); see 28 U.S.C. § 1447(e).